Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III (ESPECIAL)

| MELISSA PÉREZ RODRÍGUEZ<br><br>Peticionaria<br><br>v.<br><br>LUIS ANTONIO NEGRÓN ROMERO<br><br>Recurrido | KLCE202400671 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de BAYAMÓN<br><br>Caso Núm.:<br>TB2023RF00012<br><br>Sobre:<br>Custodia monoparental o compartida y otros |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de junio de 2024.

El 17 de junio del año en curso, Melissa Pérez Rodríguez (en adelante, Pérez Rodríguez o la peticionaria) compareció ante este Tribunal de Apelaciones en busca de la revocación de la *Resolución* emitida en la causa de epígrafe por el Tribunal de Primera Instancia, Sala Superior de Bayamón.[1] Esta, fue emitida y notificada el 17 de mayo de 2024.

Por virtud del aludido dictamen, el foro primario denegó la petición de desistimiento voluntario sometida por la peticionaria en cuanto a la acción de custodia monoparental que instó el 14 de marzo de 2023.

Examinado el expediente, y en consideración del derecho aplicable aquí consignado y las circunstancias particulares del pleito, denegamos expedir el auto de *certiorari* solicitado por la peticionaria. Veamos.

-I-

Esta es la cuarta ocasión que este Tribunal atiende un recurso de *certiorari* con relación a la controversia de autos desde que inició el pleito con la presentación por la peticionaria de una *Demanda Relaciones*

---

[1] En adelante, TPI o foro primario.

Número Identificador

RES2024 _____

*Maternofiliales y Custodia Monoparental Exclusiva,* allá para el mes de marzo de 2023. Por considerar innecesario repetir los pormenores del trámite procesal acaecido en el caso, nos limitamos a resumir los pormenores más importantes e indispensables del caso para la resolución de la controversia que en esta ocasión se nos presenta.[2]

Según mencionamos, el pleito dio inició con la presentación de una demanda por la peticionaria en la que solicitó que se establecieran relaciones maternofiliales con su hijo, el menor ENP, con quien allí señaló no se relacionaba desde hacía seis (6) años. Asimismo, entre otras cosas, peticionó que, luego de tomar las medidas transitorias necesarias en bienestar del menor, se concediera a su favor la custodia monoparental exclusiva de su hijo.

Posteriormente, Pérez Rodríguez compareció al Tribunal Municipal de San Juan y solicitó en favor de su hijo menor una *Orden de Protección Ex parte* y en contra del Sr. Luis Antonio Negrón Romero (en adelante, señor Negrón Romero o recurrido) y la Sra. Sasha M. López Rodríguez (en adelante, López Rodríguez). La misma fue concedida.[3] Sin embargo, luego de que el señor Negrón Romero compareciera al Tribunal Municipal de Toa Baja mediante *Moción de Extrema Urgencia y Solicitud de Remedios,* la Sala Municipal de Toa Baja dejó sin efecto la orden de protección expedida, así como la vista final sobre orden de protección.

Sobre esta determinación, la Pérez Rodríguez instó el recurso de *certiorari* KLCE202301243. El 14 de noviembre de 2023, este Tribunal de Apelaciones emitió *Sentencia* en la que, por las razones allí dadas, se revocó

---

[2] Para una referencia más detallada, véase Pérez Rodríguez v. López Rodríguez, et als., 210 DPR 163 (2022); KLCE202301243; KLCE202301295 y KLCE202301458.

[3] En esa ocasión, el foro municipal concluyó que Pérez Rodríguez demostró que existía la probabilidad sustancial de riesgo inmediato de maltrato, adjudicó la custodia provisional del menor a favor de esta, ordenándole al señor Negrón Romero y a López Rodríguez a abstenerse de: llamar, acercarse o penetrar, el hogar del menor, la escuela a la que asiste el menor, el lugar del cuido del menor y cualquier otro lugar donde este se encuentre. También se le ordenó a que se abstuvieran de hostigar, perseguir, intimidar, amenazar o de cualquier forma interferir con el ejercicio de la custodia provisional decretada.

la determinación recurrida, se ordenó a la Sala de Relaciones de Familia del Tribunal de Primera Instancia de Bayamón, la celebración de la vista final sobre orden de protección y manteniendo vigente la *Orden de protección ex parte,* expedida por el Tribunal Municipal de San Juan hasta que se celebrara la vista final y se emitieran las correspondientes determinaciones.

Habiéndose celebrado la vista final sobre la orden de protección, el foro primario encontró indicios de maltrato por negligencia y exposición al menor a situaciones de peligro por parte del señor Negrón. No obstante, le concedió a este la custodia monoparental del menor, permitiendo que este se relacionara con Pérez Rodríguez. Tal determinación fue objeto de revisión judicial mediante el recurso KLCE202301295. Al resolver dicho recurso, emitimos *Sentencia* revocatoria, expedimos la orden de protección final a favor de Pérez Rodríguez y el menor ENP y nos reiteramos en la concesión de la custodia monoparental a favor de la peticionaria. Allí, insistimos en nuestra advertencia previa a la peticionaria a los efectos de que "continuará bajo la jurisdicción del Tribunal General de Justicia y que tiene el deber y la obligación de cumplir las órdenes y requerimientos de comparecencia que se le hagan durante el trámite de custodia y relaciones paternos filiales pendientes de adjudicación, incluido el de hacer disponible en esta jurisdicción al menor ENP cuando así se le requiera."[4]

Así las cosas, el 26 de abril de 2024 Pérez Rodríguez presentó ante el TPI una *Solicitud de Desistimiento Voluntario con Respecto a la Demanda Ordinaria de Custodia,* en la que señaló que al momento de instar la demanda la circunstancias fácticas y jurídicas eran completamente distintas a las actuales. Específicamente, planteó que no procedía que el tribunal invirtiera recursos y esfuerzos fútiles e inoficiosos en atender la acción ordinaria de custodia, puesto que existe una sentencia emitida por este Tribunal de

---

[4] El señor Negrón Romero acudió al Tribunal Supremo en revisión de nuestro dictamen mediante el recurso de *certiorari* CC-2024-0292. Hoy en día, este asunto se encuentra ante la consideración de nuestro Mas Alto Foro.

Apelaciones que determina que es a ella a quien le corresponde ostentar la custodia de su hijo por tres (3) años, periodo durante el cual el recurrido no podrá relacionarse con el menor de forma alguna. Según expuso, es cuando la orden de protección emitida expire que corresponde hacer un estudio social para atender la demanda original. Por ello, solicitó el desistimiento voluntario de su reclamo de custodia. Tal petición fue denegada mediante *Orden* del 17 de mayo de 2024.

En desacuerdo, Pérez Rodríguez instó el recurso de epígrafe y le atribuyó al TPI equivocarse al denegar su solicitud de desistimiento, obligándola a litigar el pleito de custodia cuando el mismo se tornó inoficioso a la luz del estado de derecho actual del pleito, lo que resultó en una modificación *de facto* de la *Sentencia* emitida en el recurso KLCE202301295.

Atendido el recurso, emitimos *Resolución* en la que concedimos término al recurrido para que compareciera. En cumplimiento de ello, este presentó su *Alegato de la Parte Recurrida*. Siendo ello así, contando con la comparecencia de las partes damos por sometido el asunto y procedemos a resolver.

-II-

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR

723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. McNeil Healthcare v. Mun. Las Piedras I, *supra*; Scotiabank v. ZAF Corp et al., 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." 800 Ponce de León v. AIG, *supra*. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." McNeil Healthcare v. Mun. Las Piedras I, *supra*.

*B.*

A través del desistimiento, una parte en el pleito expresa su deseo de no continuar con la reclamación que interpuso. Pagán Rodríguez v. Rivera Schatz, 206 DPR 277 (2021). El desistimiento de las reclamaciones judiciales en el ámbito civil está regulado en nuestro ordenamiento jurídico por la Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V.

El inciso (a) de la mencionada regla, establece que la parte demandante puede desistir de un pleito de manera voluntaria a través de un aviso de desistimiento o mediante la estipulación de desistimiento firmada por todas las partes comparecientes. Por su parte, el inciso (b) de la discutida regla atiende las instancias en las que la parte adversa ha

contestado la demanda o ha solicitado que se dicte sentencia sumaria o cuando no se ha conseguido una estipulación de desistimiento por todas las partes que han comparecido al pleito. Pagán Rodríguez v. Rivera Schatz, *supra.*

-III-

Antes que nada, debemos señalar que, recurriéndose de la denegatoria de una determinación interlocutoria emitida en un caso sobre relaciones de familia, conforme a lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, a modo de excepción podemos expedir el auto discrecional de *certiorari* en el caso de autos. Aquí, según mencionamos, Pérez Rodríguez discute, que toda vez que desde los pasados seis (6) meses, así como por los próximos tres (3), la custodia del menor le fue concedida por virtud de una orden de protección que impide que el recurrido se relacione con el menor, el pleito se ha tornado inoficioso debiéndose conceder el desistimiento solicitado. Así, explica que los procedimientos que deberían llevarse a cabo para resolver su solicitud contravendrían con lo decidido en el caso KLCE202301295. Específicamente, en cuanto a que la orden de protección tendría una vigencia de tres años y que no condicionamos la misma a que se llevara investigación social o se litigara el pleito de custodia.

El recurrido por su parte, al comparecer advierte que la comparecencia de la peticionaria oculta que los planteamientos que levanta ante este Tribunal de Apelaciones fueron llevados ante la atención del Tribunal Supremo en el trámite que hoy en día está pendiente ante tal Curia. Así, produjo copia, entre otros documentos, de la *Moción Urgente en Auxilio de Jurisdicción* sometida por Pérez Rodríguez ante el Tribunal Supremo, la oposición que frente a tal escrito sometió, así como la *Resolución* que el Tribunal Supremo sometió en cuanto al particular.

Luego de examinar detenidamente los reclamos de ambas partes y evaluar detenidamente los pormenores de la controversia, no identificamos presente alguno de aquellos factores enunciados en la Regla 40 de nuestro Reglamento para determinar la expedición del auto discrecional del *certiorari*. No nos parece que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad por parte del TPI o que la expedición del auto evite el fracaso de la justicia, mereciendo, pues, nuestro respeto.

La concesión de custodia a favor de Pérez Rodríguez resuelta en el recurso KLCE202301295 por motivo de la orden de protección expedida a favor de esta y el menor ENP, así como la vigencia que allí se estableció para la misma, al día de hoy, es una provisional. Por consiguiente, hasta tanto así no sea, los fundamentos utilizados por Pérez Rodríguez para peticionar el desistimiento de su demanda son improcedentes.

**-IV-**

Por todo lo antes consignado, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones